FILED

2019 Jul-17  AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY MILLER, | * | |
| | * | |
| Plaintiff, | * | Case Number: |
| | * | |
| v. | * | |
| | * | |
| DONALD YOUNG, an individual, S.A.T. | * | |
| TRUCKING, INC., a foreign corporation | * | |
| doing business in the State of Alabama, | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

COMES NOW Defendant S.A.T. Trucking, Inc., and removes this case to the United States

District Court for the Northern District of Alabama, Southern Division, and as grounds therefore,

respectfully shows unto the Court the following:

1.      Plaintiff, Tiffany Miller, is a citizen of the State of Alabama.

2.      Defendant Donald Young is a citizen of the State of Mississippi. Defendant Donald

Young no longer is employed by S.A.T. Trucking, Inc., and has not been served with the

Complaint. However, the undersigned attorney will represent Donald Young in this lawsuit, if

service is effectuated, and it is clear that Defendant Donald Young will, when appropriate, agree

to this removal.

3.      Defendant S.A.T. Trucking, Inc., is a business incorporated in the State of Texas

with its principal place of business in the State of Texas, and therefore a citizen of the State of

Texas.

4.      Jurisdiction herein is based upon diversity jurisdiction of citizenship, pursuant to

28 U.S.C. 1332(a) and 28 U.S.C. 1441(a).

5.      A complete copy of the State Court Record is attached herewith as Exhibit "A."

6.      This case arises out of a motor vehicle accident that occurred on Interstate 59 in Jefferson County, Alabama, on June 5, 2018. (Exhibit A). Plaintiff claims injuries due to the alleged negligence and wantonness of Defendant Donald Young, "while on the job and in the line and scope of employment for Defendant S.A.T. Trucking, Inc.". (Exhibit A).  Plaintiff filed a lawsuit against these defendant and fictitious parties in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on June 10, 2019. (Exhibit A). According to court records, service of process was effected on S.A.T. Trucking, Inc. on June 17, 2019, by certified mail issued in Azle, Texas. (Exhibit A). This Defendant is removing this case to the United States District Court within thirty (30) days from the date of service of process.

7.      As this case was removable when filed, and Defendant has removed the case within thirty days of service of the Complaint, removal is proper. Defendant has not yet filed an Answer to the Complaint in the Circuit Court of Jefferson County, and is contemporaneously filing an Answer in this Court.

8.      The Complaint filed herein does not assert a certain monetary amount being sought. Plaintiff claims substantial compensatory damages, including physical injuries, permanent injury and permanent physical impairment, mental anguish, loss of use of her vehicle, loss of wages, and hospital and physician expenses, for which recovery is being sought against Defendants. In addition to Plaintiff's negligence claim, Plaintiff seeks punitive damages based upon the alleged wantonness of Defendant Donald Young, to be determined by a jury. Additionally, Plaintiff asserts claims of negligent hiring, supervision, and retention against Defendant S.A.T. Trucking, Inc. Defendant S.A.T. Trucking, Inc., has liability insurance coverage, with limits far above the threshold of $75,000.00, and although counsel for Plaintiff did not make a specific monetary

demand pre-litigation, counsel for Plaintiff did make a demand upon the carrier that it pay substantial sums of money to settle this case, based upon the allegations being made therein by Plaintiff, as now asserted in the Complaint herein. By making claims for compensatory damages and punitive damages based upon wantonness, as well as making claims against the corporate employer of Donald Young, Plaintiff is clearly placing an amount in excess of $75,000 in controversy in this case.

9.      Upon the filing of this Notice, this Defendant has given written notice thereof to the attorney for the Plaintiff and has filed a copy of the removal proceedings and notice with the Circuit Court of Jefferson County, Alabama, Bessemer Division, all in accordance with the law. (Exhibit "B").

WHEREFORE, this Defendant prays that the removal of this action to the United States District Court for the Northern District of Alabama, Southern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Jefferson County, Alabama, Bessemer Division, pending a final decision and determination of controversy in the said United States District Court.

DATED this 16th day of July, 2019.


/s/ Alex L. Holtsford, Jr.
ALEX L. HOLTSFORD, JR. (ASB-9586-D62A)
Attorney for Defendant S.A.T. Trucking, Inc.

OF COUNSEL:
Holtsford, Gilliland, Higgins, Hitson & Howard, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:      334-215-8585
Facsimile:      334-215-7101
Email:          aholtsford@hglawpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Frank S. Buck
J. Brooks Leach
Lindsay A. Hewitt
Frank S. Buck, P.C.
P.O. Box 55089
Birmingham, AL 35255

This the 16th day of July, 2019.

*/s/ Alex L. Holtsford, Jr.*
OF COUNSEL

# EXHIBIT  A

ELECTRONICALLY FILED
6/10/2019 12:45 PM
68-CV-2019-900494.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>68-CV-2019-900494.00<br><br>Date of Filing:     Judge Code:<br>06/10/2019 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TIFFANY MILLER v. DONALD YOUNG ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**     A ☐ **APPEAL FROM DISTRICT COURT**     O ☐ **OTHER**

R ☐ **REMANDED**     T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
NAD003            6/10/2019 12:45:49 PM            /s/ LINDSAY ANN HEWITT
                  Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES  ☑ NO

ELECTRONICALLY FILED
7/10/2019 12:45 PM
68-CV-2019-900494.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| TIFFANY MILLER, an individual, )<br><br>Plaintiff, )<br><br>v. )<br><br>DONALD YOUNG, an individual, )<br>S.A.T. TRUCKING, INC., a foreign )<br>corporation doing business in the State of )<br>Alabama; ) | Civil Action No.: |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership any and all types of corporations and unincorporated associations. The symbol by which these party Defendant/s are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol apply to more than one "entity". In the present action, the party Defendant/s whom the Plaintiff must include by descriptive characterization are as follows:

**No. 1**, whether singular or plural, person or persons, individual or individuals, entity or entities, Plaintiff hereby intending to designate the entity known only to the Plaintiff as **DONALD YOUNG;**

**No. 2**, Plaintiff hereby intending to designate the entity known only to the Plaintiff as **S.A.T. TRUCKING, INC.;**

**No. 3**, whether singular or plural, Plaintiff hereby intending to designate the individual(s) or entity(ies) who or which negligently entrusted the vehicle at issue to the Defendant driver of said motor vehicle as defined by Alabama law including but not limited to the "truck" whose negligent operation of the "truck" caused or contributed to Plaintiff, Tiffany Miller's, injuries;

**No. 4**, whether singular or plural, Plaintiff hereby intending to designate the individual(s) or entity(ies) who or which negligently hired/supervised/trained/retained the Defendant driver, of said motor vehicle as defined by Alabama law including but not limited to the "truck" whose negligent operation of the "truck" caused or contributed to Plaintiff, Tiffany Miller's, injuries;

**No. 5**, whether singular or plural, Plaintiff hereby intending to designate that person, those persons, that entity or those entities who or which afforded any insurance coverage to either the driver/owner/employer of the motor vehicle as defined by Alabama law including but not limited to the "truck" in which injured the Plaintiff, Tiffany Miller, on the occasion made the basis of this lawsuit;

**No. 6**, whether singular or plural, Plaintiff hereby intending to designate that person, those persons, that entity or those entities who or which employed the Defendant driver of the motor

vehicle as defined by Alabama law including but not limited to the "truck" at the time of the collision made the basis of this lawsuit;

**No. 7,** whether singular or plural, Plaintiff hereby intending to designate that person, those persons, that entity or those entities who or which was/were the master or principal of the Defendant driver of the motor vehicle as defined by Alabama law including but not limited to the "truck" at the time of the collision made the basis of this lawsuit;

**No. 8,** whether singular or plural, that person, or those persons, that entity or those entities, who or which owned any interest in the motor vehicle and/or leased the motor vehicle as defined by Alabama law including but not limited to the "truck" being driven by the Defendant;

**No. 9,** whether singular or plural, that person or those persons, that entity or those entities, who or which provided any insurance coverage of whatever kind or character to any named or fictitious party Defendants (#1-19) herein;

**No. 10,** whether singular or plural, that person or those persons, that entity or those entities, whose negligence, wantonness, and/or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

**No. 11,** whether singular or plural, that person or those persons, that entity or those entities, who or which issued any policy of insurance and/or any bond which provided coverage for the injuries sustained by the Plaintiff, TIFFANY MILLER, which are the subject of the occurrence made the basis of this lawsuit;

**No. 12,** whether singular or plural, that person or those persons, that entity or those entities who or which negligently and/or willfully designed the motor vehicle as defined by Alabama law including but not limited to the "truck" at issue in this lawsuit in such a way as to contribute to the injuries suffered by the Plaintiff, TIFFANY MILLER;

**No. 13,** whether singular or plural, that person or those persons, that entity or those entities who or which negligently and/or willfully designed the automobile issue in this lawsuit in such a way as to contribute to the injuries suffered by the Plaintiff, TIFFANY MILLER;

**No. 14,** whether singular or plural, that person or those persons, that entity or those entities, who or which negligently designed, owned, maintained or otherwise controlled the premises upon which the events made the basis of this lawsuit occurred, which contributed in any way to the injuries suffered by the Plaintiff, TIFFANY MILLER;

**No. 15,** whether singular or plural, that person or those persons who or which designed any component of the motor vehicle as defined by Alabama law including but not limited to the "truck" in which the Plaintiff, TIFFANY MILLER was injured on the date of the collision made the basis of this lawsuit, which caused or contributed in any way to his injuries;

**No. 16,** whether singular or plural, that entity or entities who or which designed, manufactured, constructed, modified, programmed and/or installed the traffic control signals including but not limited to the traffic lights or stop signs located at the intersection where said collision occurred;

**No. 17,** whether singular or plural, that entity or those entities who or which performed any maintenance, repairs, or inspections of the traffic control signals including but not limited to the traffic lights or stop signs located at the intersection where said collision occurred;

**No. 18,** whether singular or plural, that entity or those entities who manufactured, sold, distributed or provided alcohol, prescription drugs, non-prescription drugs, illegal drugs or otherwise any other substance to any of the named or fictitious Defendants (#1-19) listed herein who may be liable for damages to the Plaintiff.

2

**No. 19,** whether singular or plural, that person or those persons, that entity or those entities, who or which is the successor in interest of any of those Defendants named hereinabove;

Plaintiff avers that the identities of the fictitious party Defendants (#1-19) are unknown to Plaintiff at this time, or if their name is known, their identities as proper party Defendants are not known to Plaintiff at this time, and their true named will be substituted by amendment when ascertained.

                                                      )
             **Defendants.**                          )

# C O M P L A I N T

## PARTIES

**COMES NOW,** the Plaintiff, Tiffany Miller, an individual, by and through her attorneys, Frank S. Buck, Rachel C. Buck, J. Brooks Leach and Lindsay A. Hewitt and represents unto this Honorable Court the following:

1.      Plaintiff, Tiffany Miller, is over the age of nineteen (19) years of age and is a resident citizen of the City of Bessemer, Jefferson County, State of Alabama.

2.      Defendant, Donald Young, is over the age of nineteen (19) years of age and is a resident citizen of the City of Woodville, Wilkinson County, State of Mississippi.

3.      The Defendant, S.A.T. Trucking, Inc. is a foreign corporation doing business in the State of Alabama.

## COUNT ONE

### NEGLIGENCE

4.      Plaintiff adopts by reference the factual allegations contained in the foregoing paragraphs of this Complaint as if the same were set forth as this point *in extenso*.

5.      On or about the 5th day of June, 2018, the Plaintiff, Tiffany Miller, was operating a 2007 Chevrolet Tahoe LTZ 4WD (VIN #: 1GNFK13047R362447, AL License Tag # TIPZ71) upon a public roadway, to-wit: Interstate 59 at or near the intersection of Valley Road and Weibel Drive, in the City of Fairfield, Jefferson County, State of Alabama.

3

6.      At the aforesaid time and place, Defendant Donald Young, and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), upon information and belief, while on the job and in the line and scope of employment for Defendant S.A.T. Trucking, Inc., and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), so negligently permitted, allowed, or caused a 1998 Dodge 3500 pick-up truck (VIN#: 1B7MC3360WJ235110, MS License Tag# A442955), to collide with the motor vehicle driven by the Plaintiff.

7.      As a direct and proximate consequence of the negligence of the Defendants, the Plaintiff was caused to suffer the following injuries and damages:

      a.      Plaintiff was caused to suffer injuries, physical pain and mental anguish;

      b.      Plaintiff was caused to seek medical treatment and was prevented from going about her normal activities;

      c.      Plaintiff was caused to incur medical expenses to treat and cure her injuries.

      d.      Plaintiff was caused to suffer bruises and contusions to her body.

      e.      Plaintiff was caused to lose the use of her vehicle.

      f.      Plaintiff was caused to suffer permanent injury and permanent physical impairment.

      g.      Plaintiff was caused to incur lost wages.

8.      The Plaintiff avers that the negligent conduct of the Defendant/s combined and concurred to proximately cause the injuries and damages as set out above.

4

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands Judgment against all Defendants, whether named or fictitiously described (#1-19), for compensatory and punitive damages in an amount that the Plaintiff would legally and justifiably be entitled to recover as determined by the trier of fact, plus interest and costs.

## COUNT TWO

### WANTONNESS

9.    Plaintiff adopts by reference the factual allegations contained in the foregoing Count of this Complaint as if the same were set forth as this point *in extenso.*

10.    On or about the 5th day of June, 2018, the Plaintiff, Tiffany Miller, was operating, a 2007 Chevrolet Tahoe LTZ 4WD  (VIN #: 1GNFK13047R362447, AL License Tag # TIPZ71) upon a public roadway, to-wit: Interstate 59 at or near the intersection of Valley Road and Weibel Drive, in the City of Fairfield, Jefferson County, State of Alabama.

11.    At the aforesaid time and place, Defendant Donald Young and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), upon information and belief, while on the job and in the line and scope of employment for S.A.T. Trucking, Inc., and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), so wantonly permitted, allowed, or caused a 1998 Dodge 3500 pick-up truck (VIN#: 1B7MC3360WJ235110, MS License Tag# A442955) to collide with the motor vehicle driven by the Plaintiff.

12.    Plaintiff avers that the wanton conduct of the Defendant/s combined and concurred to proximately cause the injuries and damages as set out above.

5

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands Judgment against all Defendants, whether named or fictitiously described (#1-19), for compensatory and punitive damages in an amount that the Plaintiff would legally and justifiably be entitled to recover as determined by the trier of fact, plus interest and costs.

**COUNT THREE**

**NEGLIGENT HIRING/SUPERVISION/RETENTION**

13.     Plaintiff adopts by reference the factual allegations contained in the foregoing Counts of this Complaint as if the same were set forth at this point *in extenso.*

14.     Plaintiff avers that Defendants, S.A.T. Trucking, Inc., and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained) negligently or wantonly investigated, hired, trained, supervised and/or retained its employee/agent, Donald Young.

15.     Defendant, had actual knowledge and/or should have reasonably had knowledge that Donald Young was an incompetent and/or inclined to be negligent.

16.     As a proximate result of the negligent hiring, supervision, training and retention of Donald Young, by the Defendant, and their entrustment of this dangerous instrumentality to an incompetent, Plaintiff, Tiffany Miller, was caused to suffer severe injuries, requiring medical treatment.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands Judgment against all Defendants, whether named or fictitiously described (#1-19), for compensatory and punitive damages in an amount that the Plaintiff would legally and justifiably be entitled to recover as determined by the trier of fact, plus interest and costs.

6

## COUNT FIVE

### RESPONDEAT SUPERIOR

17.     Plaintiff adopts by reference the factual allegations contained in the foregoing

Counts of this Complaint as if the same were set forth at this point *in extenso.*

18.     On or about the 5th day of June, 2018, the Plaintiff, Tiffany Miller, was operating her

vehicle, a 2007 Chevrolet Tahoe LTZ 4WD (VIN #: 1GNFK13047R362447, AL License Tag #

TIPZ71) upon a public roadway, to-wit: Interstate 59 at or near the intersection of Valley Road and

Weiblel Drive, in the City of Fairfield, Jefferson County, State of Alabama.

19.     At the aforesaid time and place, Defendant, Donald Young, and those Defendant/s

designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff

at this time but will be added by amendment when ascertained), upon information and belief, while

on the job and in the line and scope of employment for Defendants S.A.T. Trucking, Inc., and those

Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to

the Plaintiff at this time but will be added by amendment when ascertained) so negligently, willfully

and/or wantonly permitted, allowed, or caused a 1998 Dodge 3500 pick-up truck (VIN#:

1B7MC3360WJ235110, MS License Tag# A442955) to collide with the motor vehicle driven by

the Plaintiff, Tiffany Miller.

20.     Plaintiff claims that at the time of this incident the Defendant, Donald Young, was

acting on behalf of and in the line and scope of his employment with Defendants S.A.T. Trucking,

Inc. and that said Defendants are responsible for Plaintiff damages under the Doctrine of

Respondeat Superior.

21.     As a direct and proximate consequence of the negligence or wantonness of the

Defendants, the Plaintiff was caused to suffer the injuries and damages aforesaid.

7

22.     Plaintiff avers that the negligent, willful and/or wanton conduct of the Defendants combined and concurred to proximately cause the injuries and damages as set out above.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands Judgment against all Defendants, whether named or fictitiously described (#1-19), for compensatory and punitive damages in an amount that the Plaintiff would legally and justifiably be entitled to recover as determined by the trier of fact, plus interest and costs.

### COUNT SIX

#### AGENCY

23.     Plaintiff adopts by reference the factual allegations contained in the foregoing Counts of this Complaint as if the same were set forth at this point *in extenso.*

24.     That Defendant, Donald Young, at the time of the collision made the basis of this action was an agent, servant or employee of Defendant, S.A.T. Trucking, Inc., and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained).

25.     That on or about the 5th day of June, 2018, Defendant Donald Young, was driving said vehicle while performing the duties of his employment with Defendant, S.A.T. Trucking, Inc., and those Defendant/s designated as fictitious parties (#1-19), (whose true and correct names are unknown to the Plaintiff at this time but will be added by amendment when ascertained), and within the line and scope of his employment.

26.     That during the course of this employment, Defendant, Donald Young, operated said vehicle in a negligent manner which caused the collision made the basis of this action and which caused the Plaintiff's injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands Judgment against all Defendants, whether named or fictitiously described (#1-19), for compensatory and punitive damages in an amount that the Plaintiff would legally and justifiably be entitled to recover as determined by the trier of fact, plus interest and costs.

Respectfully Submitted,

/s/ Lindsay A. Hewitt
Frank S. Buck, (BUC001)
Rachel C. Buck (BUC027)
J. Brooks Leach (LEA009)
Lindsay A. Hewitt (NAD003)
Attorneys for Plaintiff

**OF COUNSEL:**
FRANK S. BUCK, P.C.
2160 14th Avenue South
Post Office Box 55089
Birmingham, Alabama 35255-5089
Telephone:   (205) 933-7533
Facsimile:   (205) 933-7545

Plaintiff's Address:
TIFFANY MILLER
c/o Frank S. Buck, P.C.
2160 14th Avenue South
Post Office Box 55089
Birmingham, Alabama 35255-5089

9

## **DEFENDANTS TO BE SERVED BY CERTIFIED MAIL.**

DONALD YOUNG
8075 Princneyville Road
Woodville, MS 39669

S.A.T. TRUCKING, INC.
7774 Veal Station Road
Azle, TX 76020-2728

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| TIFFANY MILLER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| DONALD YOUNG, an individual, | ) | |
| S.A.T. TRUCKING, INC., a foreign | ) | |
| corporation doing business in the State of | ) | |
| Alabama; | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST FOR CERTIFIED MAIL

Pursuant to Rule 4.1 (c) of the *Alabama Rules of Civil Procedure*, I hereby request that the attached documents be served on the Defendant named above by certified mail.

DATE: 6/10/19_____

/s/ Lindsay A. Hewitt_____
Frank S. Buck, (BUC001)
J. Brooks Leach (LEA009)
Lindsay A. Hewitt (NAD003)
Attorneys for Plaintiff

**OF COUNSEL:**
FRANK S. BUCK, P.C.
2160 14th Avenue South
Post Office Box 55089
Birmingham, Alabama 35255-5089
Telephone:    (205) 933-7533
Facsimile:    (205) 933-7545

11

**SENDER:** *COMPLETE THIS SECTION*

*COMPLETE THIS SECTION ON DELIVERY*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*  | C. Date of Delivery
                                 | 6-12-19

1. Article Addressed to:

S.A.T. TRUCKING, INC.
7774 VEAL STATION RD.
AZLE, TX 76020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

CV19 / 900494

S & C / D002



9590 9402 4679 8323 2865 76

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7018 1830 0001 4500 7795

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4679 8323 2865 76

**United States
Postal Service**

° Sender: Please print your name, address, and ZIP+4® in this box°

OFFICE OF THE CIRCUIT CLERK

BESSEMER DIVISION

JEFFERSON COUNTY, ALABAMA

P. O. BOX 1310

BESSEMER, ALABAMA 35021-1310



# EXHIBIT  B



ELECTRONICALLY FILED
7/16/2019 1:58 PM
68-CV-2019-900494.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| TIFFANY MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV-2019-900494 |
| v. | * | |
| | * | |
| DONALD YOUNG, an individual, | * | |
| S.A.T. TRUCKING, INC., a foreign | * | |
| Corporation doing business in the State of | * | |
| Alabama, *et al*.; | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

TO:   Karen Dunn Burks, Clerk
      Circuit Court of Jefferson County
      Bessemer Division
      P.O. Box 1310
      Bessemer, AL 35021-1310

      Lindsay A. Hewitt
      Frank S. Buck, P.C.
      P.O. Box 55089
      Birmingham, AL 35255

PLEASE TAKE NOTICE that on this date, the Defendant, S.A.T. Trucking, Inc. filed its

Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United

States District Court for the Northern District of Alabama, Southern Division.

DATED this 16th day of July, 2019.

                                    */s/ Alex L. Holtsford, Jr.*
                                    ALEX L. HOLTSFORD, JR. (HOL048)
                                    Attorney for Defendant S.A.T. Trucking, Inc.

OF COUNSEL:
Holtsford, Gilliland, Higgins, Hitson & Howard, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:      334-215-8585
Facsimile:      334-215-7101
Email:          aholtsford@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Lindsay A. Hewitt
Frank S. Buck, P.C.
P.O. Box 55089
Birmingham, AL 35255

This the 16th day of July, 2019.

/s/ Alex L. Holtsford, Jr.
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY MILLER, | * | |
| | * | |
| Plaintiff, | * | Case Number: |
| | * | |
| v. | * | |
| | * | |
| DONALD YOUNG, an individual, S.A.T. | * | |
| TRUCKING, INC., a foreign corporation | * | |
| doing business in the State of Alabama, | * | |
| | * | |
| Defendants. | * | |

**<u>NOTICE OF REMOVAL</u>**

COMES NOW Defendant S.A.T. Trucking, Inc., and removes this case to the United States

District Court for the Northern District of Alabama, Southern Division, and as grounds therefore,

respectfully shows unto the Court the following:

1.      Plaintiff, Tiffany Miller, is a citizen of the State of Alabama.

2.      Defendant Donald Young is a citizen of the State of Mississippi. Defendant Donald

Young no longer is employed by S.A.T. Trucking, Inc., and has not been served with the

Complaint. However, the undersigned attorney will represent Donald Young in this lawsuit, if

service is effectuated, and it is clear that Defendant Donald Young will, when appropriate, agree

to this removal.

3.      Defendant S.A.T. Trucking, Inc., is a business incorporated in the State of Texas

with its principal place of business in the State of Texas, and therefore a citizen of the State of

Texas.

4.      Jurisdiction herein is based upon diversity jurisdiction of citizenship, pursuant to

28 U.S.C. 1332(a) and 28 U.S.C. 1441(a).

5.      A complete copy of the State Court Record is attached herewith as Exhibit "A."

6.      This case arises out of a motor vehicle accident that occurred on Interstate 59 in Jefferson County, Alabama, on June 5, 2018. (Exhibit A). Plaintiff claims injuries due to the alleged negligence and wantonness of Defendant Donald Young, "while on the job and in the line and scope of employment for Defendant S.A.T. Trucking, Inc.". (Exhibit A).  Plaintiff filed a lawsuit against these defendant and fictitious parties in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on June 10, 2019. (Exhibit A). According to court records, service of process was effected on S.A.T. Trucking, Inc. on June 17, 2019, by certified mail issued in Azle, Texas. (Exhibit A). This Defendant is removing this case to the United States District Court within thirty (30) days from the date of service of process.

7.      As this case was removable when filed, and Defendant has removed the case within thirty days of service of the Complaint, removal is proper. Defendant has not yet filed an Answer to the Complaint in the Circuit Court of Jefferson County, and is contemporaneously filing an Answer in this Court.

8.      The Complaint filed herein does not assert a certain monetary amount being sought. Plaintiff claims substantial compensatory damages, including physical injuries, permanent injury and permanent physical impairment, mental anguish, loss of use of her vehicle, loss of wages, and hospital and physician expenses, for which recovery is being sought against Defendants. In addition to Plaintiff's negligence claim, Plaintiff seeks punitive damages based upon the alleged wantonness of Defendant Donald Young, to be determined by a jury. Additionally, Plaintiff asserts claims of negligent hiring, supervision, and retention against Defendant S.A.T. Trucking, Inc. Defendant S.A.T. Trucking, Inc., has liability insurance coverage, with limits far above the threshold of $75,000.00, and although counsel for Plaintiff did not make a specific monetary

demand pre-litigation, counsel for Plaintiff did make a demand upon the carrier that it pay substantial sums of money to settle this case, based upon the allegations being made therein by Plaintiff, as now asserted in the Complaint herein. By making claims for compensatory damages and punitive damages based upon wantonness, as well as making claims against the corporate employer of Donald Young, Plaintiff is clearly placing an amount in excess of $75,000 in controversy in this case.

9.      Upon the filing of this Notice, this Defendant has given written notice thereof to the attorney for the Plaintiff and has filed a copy of the removal proceedings and notice with the Circuit Court of Jefferson County, Alabama, Bessemer Division, all in accordance with the law. (Exhibit "B").

WHEREFORE, this Defendant prays that the removal of this action to the United States District Court for the Northern District of Alabama, Southern Division, be effected and no further or other proceedings may be had with respect to this matter in the Circuit Court of Jefferson County, Alabama, Bessemer Division, pending a final decision and determination of controversy in the said United States District Court.

DATED this 16th day of July, 2019.


                                        /s/ Alex L. Holtsford, Jr.
                                        ALEX L. HOLTSFORD, JR. (ASB-9586-D62A)
                                        Attorney for Defendant S.A.T. Trucking, Inc.


OF COUNSEL:
Holtsford, Gilliland, Higgins, Hitson & Howard, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:    334-215-8585
Facsimile:    334-215-7101
Email:        aholtsford@hglawpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Frank S. Buck
J. Brooks Leach
Lindsay A. Hewitt
Frank S. Buck, P.C.
P.O. Box 55089
Birmingham, AL 35255


      This the 16th day of July, 2019.


               */s/ Alex L. Holtsford, Jr.*
               OF COUNSEL