**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TIFFANY MILLER, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:19-cv-1114-RDP |
| | } |
| DONALD YOUNG et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on the Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. #4), filed by Plaintiff Tiffany Miller on July 19, 2019. The motion has been fully briefed (*see* Docs. #4, 7, 8), and it is ripe for decision. After careful review, and for the reasons explained below, Plaintiff's Motion to Remand (Doc. #4) is due to be granted.

**I.  Background**

This case involves a motor vehicle collision between Plaintiff Tiffany Miller ("Plaintiff") and Defendants Donald Young ("Young")[1] and S.A.T. Trucking, Inc. ("SAT Trucking"). The accident took place on or about June 5, 2018 in Jefferson County, Alabama. (Doc. #1, Ex. A at 9). Plaintiff filed this case in the Jefferson County Circuit Court on June 10, 2019 seeking both compensatory and punitive damages, alleging negligence, wantonness, negligent hiring/supervision/retention, respondeat superior, and agency. (Doc. #1, Ex. A at 9). Since the accident, Plaintiff allegedly suffers from physical pain, mental anguish, medical expenses (reportedly in excess of at least $16,000), permanent physical impairment, and lost wages. (Doc.

---

[1] At the time of the accident, Defendant Young was employed by Defendant S.A.T. Trucking, Inc.

1

#7, at 2). Plaintiff served S.A.T. Trucking with the complaint on June 17, 2019. Defendant Young, according to the Notice of Removal, has not yet been served. (Doc. #1, at 1).

S.A.T. Trucking timely removed this case to the court on July 16, 2019. (Doc. #1). Plaintiff filed a motion to remand on July 19, 2019, with S.A.T. Trucking filing its response and objection to the motion to remand on July 31, 2019. Plaintiff's reply was filed on August 5, 2019.

## II.     Standard of Review

Under 28 U.S.C § 1332(a), a federal district court has diversity jurisdiction over parties who are completely diverse in citizenship to one another and who exceed the statutorily prescribed amount in controversy of $75,000, exclusive of interest and costs. Relatedly, under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States *have original jurisdiction*, may be removed by the defendant . . . to the district court . . . where such action is pending" (emphasis added).

"Removal is proper if it is 'facially apparent' from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Moore v. CNA Foundation*, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). If a case is removed, the defendant bears the burden of proving, by a preponderance of the evidence, that diversity jurisdiction does in fact exist. *Williams*, 269 F.3d at 1319 (citation omitted). Specifically, "[w]here . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (citation omitted). The Eleventh Circuit has held that where "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178,

189 (1936)). However, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319-20. To be sure, while it is true that a district court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in determining whether a defendant has met its burden, such deductions and inferences must be based on actual evidence as opposed to pure conjecture. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

## III. Analysis

In this case, Plaintiff did not set forth in her complaint a demand for a specific amount of damages; rather, she alleged she was injured and stated, "the Plaintiff demands Judgment . . . for compensatory and punitive damages in an amount that the Plaintiff would legally and justifiably be entitled to recover as determined by the trier of fact . . . ." accompanying each claim. (*See* Doc. #1, Ex. A at 9, 15). Moreover, it is not facially apparent from the complaint that Plaintiff's damages exceed $75,000. Thus, the court must look to the notice of removal and any evidence submitted by the parties to determine whether S.A.T. Trucking met its burden of proving the requisite amount-in-controversy. *Williams*, 269 F.3d at 1319.

S.A.T. Trucking advances three arguments as to why removal is proper. First, S.A.T. Trucking contends that Plaintiff's claims for compensatory and punitive damages are bound to exceed the threshold limit of $75,000. (Doc. #1, at 2-3). Second, S.A.T. Trucking contends that because Plaintiff seeks punitive damages for wantonness, "judicial experience and common sense" provide that this case would easily surpass the $75,000 threshold. Third, S.A.T. Trucking contends that because Plaintiff failed to stipulate that the damages being sought do not exceed $75,000, the court should find that the amount in controversy does in fact surpass the $75,000 threshold.

3

Addressing each, in turn, the court finds that S.A.T. Trucking has failed to meet its burden of proving, by a preponderance of the evidence, that the amount in controversy is satisfied.

**A. Conclusory Allegations Will Not Suffice to Prove that the Amount in Controversy is Satisfied**

S.A.T. Trucking contends that Plaintiff's claims for compensatory and punitive damages are bound to exceed the threshold limit of $75,000. (Doc. #1, at 2-3). S.A.T. Trucking also argues that Plaintiff's medical expenses (which, as of a few months ago, already amounted to approximately $16,000) will inevitably increase. (Doc. #7, at 2). However, S.A.T. Trucking did not provide any additional information in its response and objection to support that assertion. (Doc. #7). While Plaintiff might have sustained significant injury and may be seeking continued medical treatment, the argument that Plaintiff's medical expenses will undoubtedly increase, without more, is too conclusory and speculative. As noted in *Pretka*, a removing party may introduce summary judgment-type evidence, such as "affidavits, declarations, or other documentation," to support a finding that the amount-in-controversy is satisfied. 608 F.3d at 755. But, S.A.T. trucking has failed to produce any evidence outside of the four corners of the motion.

S.A.T. Trucking also argues that because it carries liability insurance with "limits far above the threshold of $75,000," see Doc. #1, at 2, Plaintiff may likely recover more than $75,000. However, the test for determining whether the amount in controversy is satisfied is not how much the plaintiff will likely recover, but rather whether the complaint, or removal, on its face, plausibly sets out that the plaintiff could in fact recover damages in excess of $75,000. *Jones v. Novartis Pharmaceuticals Co.*, 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." (quoting *Pretka*, 608 F.3d at 751)). Therefore, even if there is a possibility that Plaintiff

could recover more than $75,000 for her injuries, a possibility cannot serve as the basis for removal.

S.A.T. Trucking's contention that Plaintiff's claims unquestionably exceed $75,000 due to the nature of the claims and the status of Defendant's liability coverage is insufficient to conclude that the amount-in-controversy requirement is met.

### B. Plaintiff Seeking Punitive Damages for Wantonness Does Not Automatically Satisfy the Amount-in-Controversy Requirement

Second, S.A.T. Trucking contends that because Plaintiff seeks punitive damages for wantonness, "judicial experience and common sense" provide that this case would easily surpass the $75,000 threshold. (Doc. #7, at 4). But, there are two flaws in this argument. First, while "judicial experience and common sense" are certainly part of the calculus, the court's experience and common sense must be utilized in assessing actual, concrete facts and evidence. That means the court looks at such things as affidavits and depositions, not conclusory statements or bare-boned allegations. *Pretka*, 608 F.3d at 755; *see Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal"). Second, a wantonness claim, by itself, does not necessarily "render the amount in controversy in excess of $75,000." *Thompson v. Ortensie*, 2017 WL 4772741, at *3 (S.D. Ala. Oct. 23, 2017). To be sure, a "plaintiff's claim for punitive damages is properly considered in the evaluation of whether defendants have shown that the amount in controversy exceeds $75,000. But there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction.'" *Id.* Here, S.A.T. Trucking has provided no specific facts or evidence supporting its contention that Plaintiff's claim for punitive damages would necessarily satisfy, or at least substantially contribute to, the amount-in-controversy requirement.

5

The decision in *Thompson v. Ortensie* is informative. In *Thompson*, the plaintiff and defendant were involved in an automobile accident where the defendants "were operating commercial trucks on Interstate 65 when [the defendant's] vehicle collided with [the plaintiff's] trailer." 2017 WL 4772741, at *1. The "[c]omplaint . . . [alleged] [n]o particular amount of damages . . . with [the plaintiff] . . . pleading only that he seeks 'an amount of compensatory damages as a jury may award,' plus 'a separate amount of punitive damages' for the wantonness cause of action." *Id.* The court in *Thompson* held that the defendants failed to meet their burden of proving, by a preponderance of the evidence, that the amount in controversy was met because

> [t]he [c]omplaint [said] nothing about the type or severity of injuries [the plaintiff] received. . . . [Additionally,] [f]rom plain-vanilla statements that [the plaintiff] 'suffered bodily injuries' causing him to suffer pain in the past and future, and that [the plaintiff] received medical treatment and will incur medical treatment in the future, the [c]ourt is able to draw no meaningful conclusions.

*Id.* at *2.

In this case, Plaintiff has alleged only that Defendant Young, while employed by S.A.T. Trucking, "collided with the motor vehicle driven by plaintiff." (Doc. #1, Ex. A at 10). Similar to the plaintiff in *Thompson*, Plaintiff alleges only the broad types of injuries she suffered—no specific injuries, other than bruises and contusions, are mentioned, and no specific amount of damages is sought. (Doc. #1, Ex. A, at 10). Because there is insufficient information regarding Plaintiff's damages (both economic and noneconomic), the extent of her injuries, and the severity of S.A.T. Trucking's alleged wantonness, S.A.T Trucking has failed to meet its burden.

**C. Plaintiff Failing to Stipulate to Amount of Damages Does Not Automatically Render Such Failure Conclusive**

Finally, S.A.T. Trucking contends that because Plaintiff failed to stipulate that the damages being sought do not exceed $75,000, the court should find that the amount in controversy does in fact surpass the $75,000 threshold. (Doc #7-1, Ex. A at 2). This argument fails to account for the

fact that a plaintiff may refuse to stipulate to such a request for any number of reasons. *Williams*, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue"). While S.A.T. Trucking relies on the holding in *Jones v. Novartis Pharmaceuticals Co.* to argue that a refusal to stipulate "should be considered when assessing the amount in controversy," 952 F. Supp. 2d at 1286 (citation omitted), this case is distinguishable because the court in *Jones* found that it was "facially apparent from the pleadings that the jurisdictional minimum" was met. *Id.* To the contrary, here, it is not facially apparent from the pleadings that the amount in controversy is met, thus the court would need additional, fact-specific evidence to evaluate whether the jurisdictional amount is in fact satisfied.

Additionally, although S.A.T. Trucking does not rely solely on this argument in its notice of removal and response and objection, the only other support it offers are conclusory statements asserting that "by making claims for compensatory damages and punitive damages based upon wantonness, as well as making claims against the corporate employer of Donald Young, Plaintiff is *clearly* placing an amount in excess of $75,000 in controversy . . . ." (Doc. #1, at 3) (emphasis added). Yet, S.A.T. Trucking has failed to show how Plaintiff's claims *clearly* satisfy the jurisdictional requirement.

## IV.    Conclusion

For all these reasons, the court finds that S.A.T. Trucking has not met its burden in proving by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. Plaintiff's Motion to Remand is hereby due to be granted, and this case will be remanded to the Jefferson County Circuit Court.

**DONE** and **ORDERED** this August 23, 2019.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE